**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David DeGroote,<br><br>       Plaintiff,<br><br>vs.<br><br>City of Mesa, et al.,<br><br>       Defendants.<br>_____<br><br>Terry DeGroote,<br><br>       Plaintiff,<br><br>vs.<br><br>City of Mesa, et al.,<br><br>       Defendants.<br>_____ | No. CV 07-1969-PHX-MHM<br>CV 07-2123-PHX-LOA<br>(Consolidated)<br><br><br><br><br><br>**ORDER** |

      Presently pending before the Court is Plaintiff Terry DeGroote's Motion for Reconsideration of the Court's November 27, 2007 Order consolidating Terry DeGroote's case (CV 07-2123-PHX-LOA) with her husband's nearly identical case (<u>David DeGroote v. City of Mesa, et al.</u>, CV 07-1969-PHX-MHM). At the Court's direction, Defendants have filed a Response. The Court considers the papers submitted and issues the following Order.

1  On October 31, 2007, Plaintiff Terry DeGroote, *pro se*, commenced this Section 1983 action against the City of Mesa, five Mesa City Council members, the Mesa City Manager, six Mesa police officers and a Mesa city attorney alleging violations of Plaintiff's constitutional rights (denial of equal protection, due process of law and the right to life, liberty and pursuit of happiness) and pendent state tort claims of invasion of privacy, intentional infliction of emotional distress, and intentional interference with prospective advantage. (Doc. 1). Three weeks earlier, on October 12, 2007, Plaintiff David DeGroote, *pro se*, Terry DeGroote's husband, filed a nearly identical Complaint against the same Defendants with two differences[1] involving the same events alleged in Terry DeGroote's Complaint.

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought through. United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In her Motion for Reconsideration, Plaintiff Terry DeGroote claims that by consolidating her case with her husband's case her case will be "subjected to the same type of false criminal allegations, along with her husband, and . . . her claims will become lost in the false allegations that will be brought against her husband to get his case dismissed." Mot. for Reconsid. at 2:20-23. However, nowhere in her Motion for Reconsideration does Plaintiff Terry DeGroote dispute that these cases involve substantially the same parties and

---

[1] The two differences are that David DeGroote sued the City of Mesa's Vice-Mayor, Claudia Walters, but not Mesa City Attorney Itchychawa.

- 2 -

1 arise out of the same set of facts and circumstances.  In both cases, the same legal theories
2 are alleged – both Complaints assert causes of action under due process, denial of equal
3 protection, interference with perspective advantage, denial of life, liberty, and the pursuit of
4 happiness, violation of civil rights, and civil racketeering. Moreover, many of the allegations
5 in both complaints are identical.  The law does not require that the cases are absolutely
6 identical for consolidation to be appropriate. Rather, consolidation is appropriate if the cases
7 arise out of the same set of facts and circumstances.  These two cases meet that requirement.

8      Plaintiff has not met her burden of demonstrating that reconsideration is appropriate.
9 Plaintiff's Motion does not provide the Court with newly discovered evidence as to why the
10 two cases should not be consolidated.  Nor has Plaintiff demonstrated that the Court's
11 decision to consolidate these two cases would result in clear error, or that the initial decision
12 was manifestly unjust.  Nor has Plaintiff claimed there has been an intervening change in the
13 controlling law.

14      **Accordingly,**

15      **IT IS ORDERED,** denying Plaintiff Terry DeGroote's Motion for Reconsideration
16 (Doc. 19).

17      DATED this 21st day of April, 2008.

18
19
20 _____
21 Mary H. Murgula
United States District Judge
22
23
24
25
26
27
28

- 3 -