1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    David DeGroote,                    )    No. CV 07-1969-PHX-MHM
                                        )    CV 07-2123-PHX-LOA
10                Plaintiff,            )          (Consolidated)
                                        )
11   vs.                                )    **ORDER**
                                        )
12   City of Mesa, et al.,              )
                                        )
13                Defendants.           )
     _____)
14                                      )
     Terry DeGroote,                    )
15                                      )
                  Plaintiff,            )
16                                      )
     vs.                                )
17                                      )
     City of Mesa, et al.,              )
18                                      )
                  Defendants            )
19                                      )
     _____)
20

21          Currently before the Court is Defendants' Motion to Dismiss Plaintiff Terry

22   DeGroote's Complaint and Motion for Judgment on Plaintiff David DeGroote's Pleadings.

23   (Dkt. # 23)  After reviewing the motion, response, and reply, the Court issues the following

     Order.
24
     **I.    BACKGROUND**
25
            On October 12, 2007, Plaintiff David DeGroote, *pro se*, commenced this 42 U.S.C. §
26
     1983 action against the City of Mesa, five Mesa City Council members, the Mesa City
27
     Manager, and six Mesa police officers alleging violations of Plaintiff David DeGroote's
28

constitutional rights (denial of equal protection, due process and the right to life, liberty and pursuit of happiness) and state tort claims of invasion of privacy, intentional infliction of emotional distress, and intentional interference with prospective advantage. (Dkt. #1).  Three weeks later, on October 31, 2007, Plaintiff Terry DeGroote, *pro se*, David DeGroote's wife, filed a nearly identical Complaint in CV 07-1969-PHX-MHM against essentially the same Defendants[1] involving the same events alleged in Plaintiff David DeGroote's Complaint in CV 07-2123-PHX-LOA.

On November 26, 2007, pursuant to L.R.Civ. 42.1, this Court *sua sponte* consolidated DeGroote v. City of Mesa, CV 07-1969-PHX-MHM with Degroote v. City of Mesa, CV 07-2123-PHX-LOA.  (Dkt. #16).  On December 10, 2007, Plaintiff Terry DeGroote filed a Motion for Reconsideration of Consolidation. (Dkt. #19).  On January 18, 2008, Defendants filed a Response (Dkt. #20), and no Reply was filed by Plaintiff Terry DeGroote.  On April 23, 2008, this Court denied Plaintiff Terry DeGroote's Motion for Reconsideration.  (Dkt. #33).

Defendants move to dismiss Plaintiffs' Complaints for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and for judgment on the complaint pursuant to Rule 12(c).  In evaluating a Rule 12(b)(6) motion, "all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff."  Barnett v. Centoni, 31 F.3d 813, 816 ( 9th Cir. 1994) (per curiam) (citations omitted).  Rule 12(c) is very similar to Rule 12(b)(6).  Under Rule 12 (c), all allegations of fact are accepted as true and construed in the light most favorable to Plaintiffs.  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  "Judgment on the pleadings is appropriate where, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Ferner & Co., Inc., 896 F.2d 1542,

---

[1] Plaintiff Terry DeGroote sued Mesa City Attorney Ishikawa, but not the City of Mesa's Vice-Mayor, Claudia Walters.

1    1550 (9th Cir. 1989).   Thus, for the purposes of this motion, the Court assumes the truth of

2    Plaintiffs' factual allegations.

3    **A.    Dismissal of Non-jural Entities**

4         Defendants argue that Mesa Police Department, the Mesa Police Department's

5    Aviation Division, and the Mesa City Council are non-jural entities not subject to suit.

6    Plaintiff does not respond to this argument except to say that even non-jural entities may lose

7    their immunity and be sued. Plaintiff's assertion is without merit. While "the Supreme Court

8    has instructed the federal courts to liberally construe the inartful pleading of pro se litigants,"

9    Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987), this rule "applies only to a plaintiff's

10   factual allegations."   Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).   Federal Rule of

11   Civil Procedure 17(d) states that the capacity of a corporation to sue or be sued shall be

12   determined by the law under which it was organized.  Arizona Rule of Civil Procedure Rule

13   17(d) states that "actions brought by or against a county or incorporated city or town shall

14   be in its corporate name."  Since Mesa Police Department, its Aviation Division, and Mesa

15   City Council are not separate entities but all departments of the City of Mesa (which is

16   already a Defendant in this action), they are not capable of separately being sued and are

17   therefore dismissed from both Complaints.

18   **B.    Dismissal of Individual Defendants**

19        Defendants also argue that the Complaints fail to allege sufficient facts to establish

20   any claims actionable under § 1983 against the individual Defendants.  Plaintiffs responds

21   to this argument merely by stating that discovery will uncover the names of the pilots in the

22   helicopter. This misses the point.  Even a "'liberal interpretation of a civil rights complaint

23   may not supply essential elements of the claim that were not initially pled.'"  Bruns v. Nat'l

24   Credit Union Admin., 122 F.3d 1251, 1257 ( 9th Cir. 1997) (quoting Ivey v. Bd. of Regents,

25   673 F.2d 266, 268 (9th Cir. 1982)).  Liability against individual defendants under § 1983

26   arises only upon a showing of personal participation by the defendant.  Avalos v. Baca, 517

27   F. Supp.2d 1156, 1166 (C.D. Cal. 2007).  Thus, a plaintiff "must allege facts, not simply

28   conclusions, that show that an individual was personally involved in the deprivation of his

civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  To state a valid claim against a defendant in his or her supervisory capacity, a plaintiff must establish that the supervisor directed, participated in, or had knowledge of alleged misconduct that resulted in the deprivation of a constitutional right.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1985).

For example, the only allegation related to Chris Brady is that he is the City Manager. The complaint contains no alleged acts of omission or commission with respect to him.  The same is true of Claudia Walters, David Heckel, and a number of members of the Mesa City Council whose only mention in the complaint is that they are members of the City Council, including Scott Somers, Mike Whalen, Tom Rawles, Kyle Jones, and Rex Griswold. Similarly, the complaint names David Ashe (Police Commander), George Gascon (Police Captain) but does list any acts of commission or omission with respect to them.

Two police officers, Michael Traficano and David Dolenar, are alleged merely to have arranged to have Plaintiffs' street blocked off, which is not tied to any specific constitutional violation.  The allegations against Keno Hawker (Mayor of Mesa) are not specific acts but legal conclusions, which do not amount to a claim for relief.  <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2nd Cir. 1987) ("A complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983.").  The allegation that Jerry Gissel (Police Department Administrator) questioned DeGroote's neighbors about DeGroote's activities and told them that DeGroote was being investigated for terrorist activities does not implicate any liberty or property interests sufficient to invoke the Due Process Clause of the Fourteenth Amendment because something more than defamation is required to establish a claim under § 1983. <u>Paul v. Davis</u>, 424 U.S. 693, 711-12 (1976).  The allegations against Mark Ishikawa (who is only named

1    in Terry DeGroote's Complaint) are merely conclusory allegations and are insufficient to

2    withstand Defendants' motion to dismiss.[2]

3           Moreover, government officials are entitled to qualified immunity for civil damages

4    unless their conduct violates clearly established constitutional rights of which a reasonable

5    person would have been aware.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified

6    immunity protects not only from liability but also from suit.  Hunter v. Bryant, 502 U.S. 224,

7    227 (1991).  Once qualified immunity is raised by a government defendant, the burden shifts

8    to Plaintiffs to show that the federal rights allegedly violated were "clearly established"

9    under the circumstances existing at the time of the alleged acts.  Hope v. Pelzer, 536 U.S.

10   730, 741 (2002).  Here, Plaintiffs have not met this burden.  In fact, they have  not responded

11   at all to these arguments but have merely copied portions of their complaints and filed them

12   as a Response.  While this Court takes a less stringent approach to  *pro se* complaints, this

13   liberality cannot translate into making the *pro se* Plaintiffs' arguments for them.  *Pliler v.*

14   *Ford*, 542 U.S. 225, 231 (2004) (explaining that such a role would "undermine district

15   judges' role as impartial decisionmakers").   For these reasons, all of the individual

16   defendants are dismissed from the Complaints.

17   **C.    Dismissal of the Claims**

18          Defendants also make a variety of arguments designed to show that the substance of

19   Plaintiffs' claims are deficient.  Each is addressed in turn below.

20          **1.      Procedural Due Process**

21          Count I of both Complaints generally assert that Plaintiffs have not been given "any

22   type of legal process in which the terrorizing would be stopped."  To the extent that this is

23   a procedural due process claim, it would be barred because Plaintiffs have failed to identify

24   a constitutionally protected property interest.  Paciulan v. George, 229 F.3d 1226, 1230 (9th

25   Cir. 2000) ("To allege a due process violatoin, a claimant must initially demonstrate the

26

27          [2] Moreover, Mark Ishikawa has already been dismissed from this action because of

28   insufficient service of process, as have been Rex Griswold, David Ashe, and David Heckel.

existence of a protectable property interest."). Under Arizona law, landowners own the space above their land, subject to the right of flight. A.R.S. § 28-8207. Flights are lawful unless they are so low that they interfere with the owner's existing use, or are conducted in a manner that is imminently dangerous. A.R.S. § 28-8277. Plaintiffs do not have property interest in the air above any area they do not own. Hinman v. Pacific Air Lines Transport Co., 84 F.2d 755 (9th Cir. 1936) ("The owner of land owns as much of the space above him as he uses, but only so long as he uses it. All that lies beyond belongs to the world."). Thus, any allegations of helicopters flying over Plaintiff in public places would not be sufficient to support a procedural due process claim. And while Plaintiffs have a limited property interest in the airspace over their home, their § 1983 claims would be barred because they have adequate state remedies. Section 1983 does not provide a cause of action for violations of state law. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). Arizona recognizes common law torts of trespass. Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America, 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995). For similar reasons, to the extent that the Complaints state a claim with respect to interference with prospective advantage, negligence, and intentional infliction of emotional distress, these claims are also recognized by the State of Arizona, making them inappropriate for § 1983 procedural due process relief.

## 2. Substantive Due Process

Count IV of both Complaints alleges that Defendants have interfered with Plaintiffs' ability to work or earn a living and their "right to life, liberty and pursuit of happiness in [their] job, home and occupation." However, "[t]he right to substantive due process is only violated when "some *basic and fundamental principle* has been transgressed" and substantive due process rights are created only by the Constitution, not by alleged property rights under state law." Wallace v. Casa Grande Union High Sch. Dist., 184 Ariz. 419, 430, 909 P.2d 486, 497 (App. 1995) (quoting Santiago de Castro v. Morales Medina, 943 F.2d 129, 131 (1st Cir. 1991)). Fundamental rights include only those guaranteed by the Bill of Rights and those rights that are "deeply rooted in this Nation's history and tradition." Washington v.

1   <u>Glucksberg</u>, 521 U.S. 702, 721 (1997).  These rights include the right to marry to have

2   children, to direct the education and upbringing of one's children, to privacy, to use

3   conception, to bodily integrity and to abortion.  <u>Id.</u> at 720.  A substantive due process right

4   requires something "more than an ordinary tort," <u>Uhlrig v. Harder</u>, 64 F.3d 567, 573 (10th

5   Cir. 1995), and must "shock the conscience" of the court.  <u>Collins v. City of Harker Heights</u>,

6   503 U.S. 115, 126-27 (1992).  This requires more than merely arbitrary or capricious conduct

7   that violates state law.  <u>Ganley v. Minneapolis Park and Recreation Bd.</u>, 491 F.3d 743, 749

8   (8th Cir. 2007).  Here, the general right to enjoy one's property or home is not a fundamental

9   right for purposes of substantive due process analysis.  <u>Coalition for Equal Rights, Inc. v.</u>

10  <u>Owens</u>, 458 F. Supp. 2d 1251, 1263 (D. Colo. 2006).  Nor is there a fundamental right to

11  work or to pursue a livelihood.  <u>See</u> <u>Dittman v. California</u>, 191 F.3d 1020, 1031 n.5 (9th Cir.

12  1999).  The Complaint alleges nothing more than ordinary torts, which fall outside the scope

13  of substantive due process jurisprudence because they are adequately protected by state tort

14  law.  <u>Decosta v. Nwachukwa</u>, 304 F.3d 1045, 1048 (11th Cir. 2002) (finding no substantive

15  due process violation for intentional battery, no matter how malicious, where state tort law

16  provided adequate remedy); <u>Collins v. City of Harker Heights, Tex.</u>, 503 U.S. 115, 129

17  (1992) (stating that the Due Process Clause does not supplant state tort law).

18      **3.    Equal Protection**

19      The equal protection claim advanced in Count II of the Complaints also fails as a

20  matter of law.  To state a valid § 1983 claim for violation of the Equal Protection Clause of

21  the Fourteenth Amendment, a plaintiff must show that the defendants acted with the purpose

22  of discrimination because of plaintiff's membership in a protected class.  <u>Barren v.</u>

23  <u>Harrington</u>, 152 F.3d 1193, 1194095 (9th Cir. 1998).  However, Plaintiffs have not claimed

24  nor demonstrated that they are members of a protected class.  Nor are there any factual

25  allegations showing any improper motive by the police department in declining to file a

26  "complaint" for alleged threats against Plaintiff.  The Complaint alleges that, on the contrary,

27  the Department conducted an internal affairs investigation.  For these reasons, the equal

28  protection claim also fails.

1     **4.     Conspiracy**

2          The Complaints allege that the Defendants conspired to harass and terrorize them over

3     a period of nine months, and conspired to cover up their misdeeds; however, as Defendants

4     correctly argue, this claim fails because no overt act in furtherance of the conspiracy among

5     any of the individual Defendants has been pled.  The complaints rely on conclusory, vague,

6     and general allegations of a conspiracy to deprive Plaintiffs of their constitutional rights.

7     Given that "[v]ague and conclusory allegations of official participation in civil rights

8     violations are not sufficient to withstand a motion to dismiss," the conspiracy claim fails.

9     Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    **5.     Civil Racketeering**

11         Count V of the Complaints purports to state a civil racketeering claim under RICO

12    and alleges that Defendants' alleged racketeering activities have resulted in a violation of

13    Plaintiffs' civil rights.  However, as Defendants correctly point out, Plaintiffs have failed to

14    identify an injury to a specific business or property interest sufficient to make out a civil

15    racketeering claim under RICO.  Diaz v. Gates, 420 F.3d 897, 898 (9th Cir. 2005).  Nor have

16    Plaintiffs sufficiently alleged a prima facie RICO case; they have failed to identify at least

17    two acts of racketeering as defined in 18 U.S.C. § 1961.  Id.  Even a liberal reading of the

18    complaint cannot supply the missing elements of these claims; for these reasons, these claims

19    are dismissed.

20    **D.     Claims Against the City of Mesa**

21         Defendants argue that the Complaints fail to sufficiently allege a claim against the

22    City of Mesa.  Because municipal liability must rest on the actions of the municipality, and

23    not the actions of the employees of the municipality, a plaintiff must go beyond the

24    respondeat superior theory of liability and demonstrate that the alleged constitutional

25    deprivation was the product of a policy or custom of the local governmental unit.  See Blair

26    v. City of Pomona, 223 F.3d 1074, 1079 (9th Cir. 2000).

27         Here, Plaintiffs allege no official policy but instead argue that they have been singled

28    out for unique treatment.  However, allegations of random acts, or single instances of

1   misconduct, however, are insufficient to establish a municipal custom. <u>Navarro v. Block</u>, 72

2   F.3d 712, 714-15 (9th Cir. 1996); <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996)

3   ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it

4   must be founded upon practices of sufficient duration, frequency and consistency that the

5   conduct has become a traditional method of carrying out policy."). While there are limited

6   circumstances under which isolated constitutional violations are sufficient to create

7   municipality liability such as when an official with "final policy making authority" ratifies

8   a subordinate's action or when the municipality is "deliberately indifferent" to the need for

9   adequate or different training in order to prevent constitutional deprivations, there are no

10  factual indications here that either exception would be applicable here. <u>City of Canton v.

11  Harris</u>, 489 U.S. 378, 387 (1989). The Complaints contain no factual allegations that any

12  final policy makers made a deliberate choice to endorse the alleged actions of some police

13  officers. Nor do they contain any allegation that the City had knowledge that its police

14  officers systematically stalk and harass citizens from the air by use of its helicopters, yet

15  failed to provide adequate or different training. The City of Mesa is therefore dismissed from

16  the Complaints.

17  **IV.    CONCLUSION**

18          Based on the foregoing, Defendants' Motion to Dismiss Terry DeGroote's Complaint

19  and Motion for Judgment on Plaintiff David DeGroote's Pleadings is granted. However,

20  "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant

21  is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to

22  dismissal of the action." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per

23  curiam). Therefore, the Complaints are dismissed without prejudice and are subject to being

24  amended by a complaint that comports with the legal requirements explained above.

25  / / /

26

27

28

1     **Accordingly,**

2     **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and for Judgment

3 on the Pleadings is **GRANTED** without prejudice**.**  (Dkt. # 23)

4     **IT IS FURTHER ORDERED** that if Plaintiffs choose to amend they will need to do

5 so within fourteen (14) days of the filing of this order.

6     DATED this 25th day of February, 2009.

7

8

9                                     _____

10                                      Mary H. Murguia
                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28