**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David DeGroote,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>City of Mesa, et al.,<br><br>　　　　　Defendants.<br>_____<br>Terry DeGroote,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>City of Mesa, et al.,<br><br>　　　　　Defendants<br>_____ | No. CV 07-1969-PHX-MHM<br>　　CV 07-2123-PHX-LOA<br>　　　(Consolidated)<br><br>**ORDER** |

　　　　Currently before the Court is Plaintiff Terry DeGroote's Motion for Default Judgment (Dkt. #40). Defendants filed a Response (Dkt. #41), and no Reply has been filed by Plaintiff Terry DeGroote. Also before the Court are Defendants Rex Griswold, David Ashe, and David Heckel's (collectively "David DeGroote Defendants") Motion to Dismiss Plaintiff David DeGroote's Complaint for Insufficient Service of Process (Dkt. #24). Plaintiff David DeGroote filed a Response (Dkt. #29), and the David DeGroote Defendants filed a Reply (Dkt. #31). Similarly, Defendants Rex Griswold, David Ashe, and Mark Ishikawa (collectively "Terry DeGroote Defendants") filed a Motion to Dismiss Plaintiff Terry

DeGroote's Complaint for Insufficient Service of Process (Dkt. # 24).  Plaintiff Terry DeGroote filed a Response (Dkt. #29), and the Terry DeGroote Defendants filed a Reply (Dkt. #31).  After reviewing the pleadings, the Court issues the following Order.

**I.     BACKGROUND**

On October 12, 2007, Plaintiff David DeGroote, *pro se*, commenced this 42 U.S.C. § 1983 action against the City of Mesa, five Mesa City Council members, the Mesa City Manager, and six Mesa police officers alleging violations of Plaintiff David DeGroote's constitutional rights (denial of equal protection, due process and the right to life, liberty and pursuit of happiness) and state tort claims of invasion of privacy, intentional infliction of emotional distress, and intentional interference with prospective advantage. (Dkt. #1).  Three weeks later, on October 31, 2007, Plaintiff Terry DeGroote, *pro se*, David DeGroote's wife, filed a nearly identical Complaint in CV 07-1969-PHX-MHM against essentially the same Defendants[1] involving the same events alleged in Plaintiff David DeGroote's Complaint in CV 07-2123-PHX-LOA.

On November 26, 2007, pursuant to L.R.Civ. 42.1, this Court *sua sponte* consolidated DeGroote v. City of Mesa, CV 07-1969-PHX-MHM with Degroote v. City of Mesa, CV 07-2123-PHX-LOA.  (Dkt. #16).  On December 10, 2007, Plaintiff Terry DeGroote filed a Motion for Reconsideration of Consolidation.  (Dkt. #19).  On January 18, 2008, Defendants filed a Response (Dkt. #20), and no Reply was filed by Plaintiff Terry DeGroote.  On April 23, 2008, this Court denied Plaintiff Terry DeGroote's Motion for Reconsideration. (Dkt. #33).

On March 11, 2008, the David and Terry DeGroote Defendants jointly filed a Motion to Dismiss Plaintiffs David and Terry DeGroote's (collectively "Plaintiffs") Complaints for Insufficient Service of Process.  (Dkt. #24).  Plaintiffs jointly filed a Response on March 24, 2008.  (Dkt. #29).  Defendants jointly filed a Reply on March 27, 2008.  (Dkt. #32).

---

[1] Plaintiff Terry DeGroote sued Mesa City Attorney Ishikawa, but not the City of Mesa's Vice-Mayor, Claudia Walters.

On May 19, 2008, Plaintiff Terry DeGroote filed a Motion for Default Judgment as to all Defendants for failure to answer the Complaint filed by Plaintiff Terry DeGroote. (Dkt. 40). Defendants filed a Response on May 22, 2008, arguing that on March 11, 2006, they filed a Motion to Dismiss for failure to state a claim in lieu of filing an answer. (Dkt. #41). No Reply has been filed by Plaintiff Terry DeGroote.

## II.     MOTION FOR DEFAULT JUDGMENT

Rule 12 of the Federal Rules of Civil Procedure ("FRCP") provides, in pertinent part: "Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) a defendant must serve an answer: (I) within 20 days after being served with the summons and complaint . . . ." Fed.R.Civ.P. 12(a)(1)(A)(I). Further, the rule provides in subsection (a)(4) that

> "[u]nless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action . . . ."

Fed.R.Civ.P. 12(a)(4). Thus, when a motion is filed under FRCP 12, the time for serving an answer is tolled until after the Court has issued a ruling on the motion.

Here, pursuant to FRCP 12(b)(5) and (6), Defendants filed separate Motions to Dismiss for insufficient service of process and for failure to state a claim on March 11, 2008. (Dkt. ## 23,24). The time for serving an answer is tolled until this Court issues a ruling on the motions to dismiss. See Fed.R.Civ.P. 12(a)(4). As such, Plaintiff Terry DeGroote's Motion for Default Judgment is denied.

## III.    MOTIONS TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

FRCP 4 provides that if

> a defendant is not served within [the time allowed], the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time period for an appropriate period.

- 3 -

1    Fed.R.Civ.P. 4(m). Dismissal of a party is appropriate where a plaintiff fails to show good
2    cause for delays in service. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994).
3    Good cause only exists in rare circumstances. See generally Fimbres v. United States, 833
4    F.2d 138, 139 (9th Cir. 1987) (strategic reasons do not constitute good cause); Townsel v.
5    County of Contra Costa, California, 820 F.2d 319, 320 (9th Cir. 1987) (inadvertence or
6    negligence does not constitute good cause).
7            Here, Plaintiff David DeGroote filed his Complaint on October 12, 2007. Pursuant to
8    FRCP 4(c) and (m), he was required to serve all Defendants with a copy of the Summons and
9    Complaint within 120 days of filing the Complaint–on or before February 11, 2008.
10   Fed.R.Civ.P. 4(c), (m). To date, Plaintiff David DeGroote has not served the David
11   DeGroote Defendants. Similarly, Plaintiff Terry DeGroote filed her Complaint on October
12   31, 2007. Thus, she was required to serve all Defendants with a copy of the Summons and
13   Complaint on or before February 28, 2008. Id. To date, Plaintiff Terry DeGroote has not
14   served the Terry DeGroote Defendants. Therefore, absent a showing of good cause,
15   Defendants must be dismissed. See Fed.R.Civ.P. 4(m); Walker, 14 F.3d at 1421-22.
16           As an initial matter, Plaintiff David DeGroote points to no factors that constitute good
17   cause for his delay in effecting service on Defendant Heckel. Notably, Plaintiff Terry
18   DeGroote served Defendant Heckel on February 28, 2008; her husband provides no
19   justification for his failure to also serve Defendant Heckel. As such, Plaintiff David
20   DeGroote fails to show good cause for his delay in effecting service on Defendant Heckel.
21           In addition, Plaintiff Terry DeGroote argues that she was confused as to whether she
22   should continue to attempt to effect service on the unserved Defendants while her Motion for
23   Reconsideration of Consolidation was pending before the Court. However, in that motion,
24   Plaintiff Terry DeGroote stated that she was holding back service of process to "determine
25   what her best options [were] in handling her individual case." (Dkt. #19). Further, Plaintiff
26   Terry DeGroote served multiple other Defendants in the instant action on February 28 and
27   29, 2008. (Dkt. ## 34-36). Thus, it appears that her failure to effect service on the Terry
28

DeGroote Defendants was not due to any confusion resulting from her pending Motion for Reconsideration; rather, it appears to have been a strategic decision.

Both Plaintiffs argue that Defendant City of Mesa's failure to cooperate in providing the correct addresses of the David and Terry DeGroote Defendants constitutes good cause for their failure to effect service. However, Plaintiffs provide no evidence whatsoever of any reasonable efforts they undertook to ascertain the addresses of the David and Terry DeGroote Defendants. Defendant City of Mesa's failure, if any, to cooperate in providing the correct addresses does not constitute good cause given Plaintiffs failure to provide any evidence of *any* reasonable efforts to ascertain the addresses of the David and Terry DeGroote Defendants. Therefore, Plaintiffs fail to show good cause for their delay in effecting service on the David and Terry DeGroote Defendants.

The Court notes that it retains discretion to grant a permissive extension of time to serve, even in the absence of good cause, where there is no statute of limitations bar, lack of prejudice to the defendant,[2] or where the defendant was eventually, although not timely, served. See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). However, the Court finds no compelling basis to permissively extend the time allotted for service under FRCP 4(m). As such, the Court will not grant an extension of time to serve in the instant case.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff Terry DeGroote's Motion for Default Judgment is denied. Further, David DeGroote Defendants' Motion to Dismiss Plaintiff David DeGroote's Complaint is granted. Similarly, Terry DeGroote Defendants' Motion to Dismiss Plaintiff Terry DeGroote's Complaint is granted. Defendants' Motion to Dismiss Terry DeGroote's Complaint and Motion for Judgment on Plaintiff David DeGroote's Pleadings is addressed in a separate order.

---

[2] Defendants cite to McWherter v. CBI Services, Inc., 153 F.R.D. 161 (D. Haw. 1994) for the proposition that lack of prejudice to Defendants is not sufficient to grant an extension of time to serve. However, McWherter was decided under the previous version of FRCP 4(m), which did not permit discretionary extensions of time to serve.

1  **Accordingly,**

2  **IT IS HEREBY ORDERED** that Plaintiff Terry DeGroote's Motion for Default
3  Judgment is **DENIED.**  (Dkt. #40).

4  **IT IS FURTHER ORDERED** that Defendants Rex Griswold, David Ashe, and
5  David Heckel's Motion to Dismiss Plaintiff David DeGroote's Complaint for Insufficient
6  Service of Process is **GRANTED.**  (Dkt. #24).

7  **IT IS FURTHER ORDERED** that Defendants Rex Griswold, David Ashe, and Mark
8  Ishikawa's Motion to Dismiss Plaintiff Terry Degroote's Complaint for Insufficient Service
9  of Process is **GRANTED.**  (Dkt. #24).

10  DATED this 25th day of February, 2009.

_____
Mary H. Murgula
United States District Judge